UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL CASE NO: |
| RICHARD CORNELL BROWN, | 4:24-cr-00006-WMR |
| Defendant. | |

## ORDER

This matter comes before the Court on the Magistrate's Non-Final Report and Recommendation ("R&R") [Doc. 37], which recommends Defendant Richard Cornell Brown's Motion to Suppress Evidence [Doc. 18] be denied. The Magistrate also recommends that the Defendant's Motion to Suppress Statements [Doc. 19] be denied as moot. Upon consideration, the Court adopts the recommendations of the Magistrate.

### I. FACTUAL BACKGROUND

On May 10, 2023, Joshua Matthews, a detective with the Paulding County Sheriff's Office, obtained two warrants for the arrest of Defendant Richard Brown. [Doc. 30 at 23]. The warrants issued upon a finding that there was probable cause to believe the Defendant had committed the offenses of Rape (O.C.G.A. § 16-6-1(a))

1

and Aggravated Sodomy (O.C.G.A. § 16-6-2(a)(2)). [*Id.*]. In collaboration with the Warrants Division of the Paulding County Sheriff's Office, Detective Matthews conducted background research on the Defendant and learned he was a convicted felon that was unable to possess a firearm. [*Id.* at 25]. On the same day the warrants were issued, Detective Matthews and several other deputies traveled to Defendant's residence in Hiram, Georgia to execute the arrest warrants. [*Id.* at 24–26].

The Defendant's Hiram residence is a two-story, rectangular home with two garage doors on the right side of the home. An ascending driveway on the right side of the yard leads to the garage. [Doc. 27-5]. When Paulding County deputies[1] arrived at the home, they observed the Defendant sitting in a recliner located just inside an open garage door. [Doc. 30 at 10]. Two deputies "held cover" on the garage while Deputy Emory Brooks and another deputy moved in to arrest the Defendant. [*Id.* at 10, 11, 18]. The deputies ordered the Defendant to stand and placed him in handcuffs without incident. [*Id.* at 11]. While arresting the Defendant, Deputy Emory Brooks noticed a handgun in the seat of the recliner that the Defendant had been sitting in. [*Id.* at 11, 18]. Detective Matthews photographed the handgun lying in the recliner and described the handgun as visible in plain view, even from outside of the garage. [*Id.* at 28].

---

[1] For purposes of this Order, the Court refers to members of the team executing the warrant collectively as "deputies," regardless of rank.

2

Based on seizure of the handgun, the Defendant was subsequently charged with possession of a firearm by a convicted felon pursuant to 18 U.S.C. § 922(g)(1).

## II. LEGAL STANDARD

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Plaintiff has objected to the R&R, meaning the Court must review the objected to portions de novo, and evaluate the remainder under the clearly erroneous standard.

## III. ANALYSIS

### a. Motion to Suppress the Handgun

The Fourth Amendment to the United States Constitution protects individuals against "unreasonable searches and seizures," and the Supreme Court has said "searches and seizures inside a home without a warrant are presumptively unreasonable." *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006) (quotations

3

omitted). Exceptions to this general rule, however, allow searches and seizures without a warrant. *Id.* One such exception is the "plain-view doctrine," which permits a warrantless seizure when "(1) an officer is lawfully located in the place from which the seized object could be plainly viewed and must have a lawful right of access to the object itself; and (2) the incriminating character of the item is immediately apparent." *United States v. Smith*, 459 F.3d 1276, 1290 (11th Cir. 2006) (citing *Horton v. California*, 496 U.S. 128, 136–37 (1990)). The Magistrate concluded the plain view doctrine allowed seizure of the handgun in this case, and the Defendant objects to that conclusion.

The Court finds the warrantless seizure of the handgun in this case fell within the plain-view exception to the warrant requirement. First, Deputy Brooks and the other deputies effecting the Defendant's arrest were all lawfully located in the Defendant's garage. *See United States v. Grushko*, 50 F.4th 1, 10 (11th Cir. 2022) ("[L]aw enforcement officers may enter a residence to execute an arrest warrant for a resident of the premises if the totality of the facts and circumstances within the officers' knowledge yielded a reasonable belief that: (1) the location to be searched is the suspect's dwelling; and (2) the suspect is within the residence."). While in the garage to arrest the Defendant, Deputy Brooks and other deputies executing the warrant observed the handgun, which was lying on the recliner seat in plain view and visible without any further searching or manipulation of the recliner. *See* [Doc.

30 at 11, 18, 28]; [Doc. 27-2] (depicting handgun in the position it was found). Second, the incriminating nature of the handgun was immediately apparent to the officers within the garage, whether individually or through their collective knowledge of the pre-arrest investigation performed by Detective Matthews, which revealed the Defendant was a convicted felon. Therefore, seizure of the handgun in this case satisfies both elements of the plain-view doctrine, meaning Detective Matthews and the deputies did not need a warrant to seize the handgun.

The Defendant's lone argument in his Objections [Doc. 39] is that the deputies' lawful access to the garage and, by extension, the handgun ended when the Defendant had been successfully placed under arrest outside of the garage. [Doc. 39 at 5–6]. According to the Defendant, the deputies had to obtain another warrant to collect the contraband they had observed while lawfully within the garage. [*Id.*]. The Defendant faults the Magistrate for not addressing this argument. [*Id.* at 6–7].

The Court finds the Defendant's argument meritless. Some testimony supports the Defendant's contention that the deputies had exited the open garage to complete the arrest of the Defendant. [Doc. 30 at 27]. But, persuasive authority from the Eleventh Circuit rejects the notion that a law enforcement officer cannot reenter a dwelling to seize an item that was indisputably subject to the plain-view doctrine while officers remained in the dwelling. *See United States v. Jackson*, 618 F. App'x 472, 478 (11th Cir. 2015) (concluding the district court did not err by finding no

Fourth Amendment violation occurred when law enforcement officers reentered an apartment to collect evidence they lawfully could have seized earlier); *see also United States v. Oaxaca*, 569 F.2d 518, 522 (9th Cir. 1978) (finding return to crawl space to seize marijuana observed while apprehending the defendant did not constitute a separate search). In the Court's view, to the extent the deputies in this case exited the cramped, cluttered garage to complete the arrest of the Defendant, their subsequent reentry to retrieve a handgun, which the plain-view doctrine afforded them authority to seize, does not rise to a Fourth Amendment violation. As the Magistrate concluded, the Defendant's Motion to Suppress is due to be denied.

### b. *Motion to Suppress Statements*

At the hearing before the Magistrate, Defense Counsel represented that the Defendant was withdrawing the Motion to Suppress Statements [Doc.19] based on the Government's representation the statements at issue would not be introduced at trial. [Doc. 30 at 4–5]. The Defendant did not object to the Magistrate's recommendation that the Motion to Suppress Statements be denied as moot. Accordingly, that motion is due to be denied.

## IV. CONCLUSION

Consistent with the foregoing, the Court receives the R&R [Doc. 37] with approval and adopts its findings and legal conclusions as the Opinion of this Court.

Accordingly, the Defendant's Motion to Suppress Evidence [Doc. 18] is **DENIED**.

The Defendant's Motion to Suppress Statements [Doc. 19] is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 20th day of March, 2025.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE